UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA K. JACKSON, | ) | CASE NO. 1:12CV1523 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objection to the Report and Recommendation Decision of Magistrate Judge Vecchiarelli, recommending that the Court affirm the Commissioner's decision denying Plaintiff's Claim for a Period of Disability (POD) and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. For the following reasons, the Court ADOPTS IN FULL the Report and Recommendation.

**II. FACTUAL BACKGROUND[1]**

---

[1] Because of the nature of this case there is an extensive factual background. For a complete overview of Plaintiff's medical history, see Magistrate Judge Vecchiarelli's Report

Plaintiff filed an application for a Period of Disability (POD) and Disability Insurance Benefits (DIB) on January 11, 2008, alleging a disability onset date of January 3, 2008. The applications were denied initially and upon reconsideration. Plaintiff requested and had a hearing before an Administrative Law Judge (ALJ) on November 9, 2010. At the hearing, the ALJ heard testimony from the Plaintiff and a vocational expert. The ALJ also received statements from the Plaintiff's workplace supervisor and a former coworker.

Before the hearing, the agency requested and received reports and assessments from numerous agency consultants between July 10, 2008 and December 31, 2008. The consultants consisted of a clinical psychologist, two agency consulting M.D.s, an agency consulting Ph.D, and an agency consulting psychologist. The assessments included psychological reviews, mental residual functional capacity tests (RFC) and physical RFCs. One assessment noted a marked impairment for ability to withstand stress, but was contradicted by a later assessment. ECF DKT #18, at 18-19.

Additionally, statements were given by three of Plaintiff's treating physicians. On July 6, 2010, Dr. Stabler submitted three forms entitled, "Medical Statement: Inflammatory Bowel Disease," "Pain Questionnaire," and "Medical Statement Concerning Depression with Anxiety, OCD, PTSD, or Panic Disorder." On September 22, 2010, Ms. George, a counselor, and Dr. Martin submitted a form entitled, "Assessment of Ability to Do Work-Related Activities (Mental)." On September 27, 2010, Dr. Samsa submitted a form entitled, "Cardiac Residual Functional Capacity Questionnaire." All the forms contain some indication of a marked impairment, or impairments that would cause Plaintiff to be frequently absent from

---

and Recommendation, which refers to the original Complaint.

work. ECF DKT #18, at 13-17.

On April 8, 2011, the ALJ found that Plaintiff was not disabled. The Appeals Counsel declined to review the ALJ's decision on April 26, 2012, and the ALJ's decision became the Commissioner's final decision. On June 14, 2012, Plaintiff filed her complaint challenging the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The Magistrate Judge issued a Report and Recommendation on January 29, 2013, recommending that the Court affirm the Commissioner's decision denying Plaintiff's Claim for POD and DIB.

The ALJ analyzed Plaintiff's disability under the five step evaluation set forth in 20 C.F.R.§ 404.1520(a)(4) and 416.920(a)(4). At step four of the analysis, the ALJ considered the Plaintiff's residual functional capacity to perform light work defined in 20 C.F.R. § 404.1567(b), which was limited such that the Plaintiff can never climb ladders, ropes and scaffolds; can only occasionally kneel, crawl and climb ladders, ropes and stairs; is limited to performing routine tasks; can have only superficial interaction with supervisors, co-workers and the public; and is limited to low stress tasks that preclude strict time requirements, arbitrations, negotiation, confrontation, directing the work of others, being responsible for the safety of others and high production quotas such as piece work or assembly line work. At step five, considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ found that there were a significant number of jobs that existed in the national economy that Plaintiff could perform. The ALJ supported her findings with evidence from Plaintiff's medical record and the assessments and reports performed by two agency consultants, Drs. Terry and Chambly. The ALJ gave little weight to the opinions of Plaintiff's treating physicians.

### III. STANDARD OF REVIEW

**A. Civil Rule 72(b) Standard**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 626, the district court is required to review *de novo* any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. Any party's failure to object in a timely manner to any aspect of the Report and Recommendation may waive the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The district judge is not required to review the Magistrate Judge's factual or legal conclusions that are not specifically objected to by either party, either under a *de novo* standard or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Local Rule 72.3(b) states in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion of where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or commit the matter to the Magistrate Judge with instructions.

**B. Standard of Review for Administrative Law Judge Findings**

The ALJ's findings in a social security hearing will be conclusive if they are supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is more than a mere scintilla and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (citing *Richardson v. Perales*,

402 U.S. 389 (1971)); *see also Norman v. Astrue*, 694 F. Supp. 2d 738, 740-741 (N.D. Ohio 2010) (noting that substantial evidence is more than a mere scintilla, but less than a preponderance).  So long as sufficient evidence supports the Commissioner's finding, the court will defer to that finding even when substantial evidence exists on the record that would support the opposite conclusion. *Warner*, 375 F.3d at 390.

### IV. LAW AND ANALYSIS

In response to the Magistrate Judge's Report and Recommendation, Plaintiff filed an Objection regarding one primary issue.  ECF DKT #19.  Defendant responded, stating that "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation is essentially another version of her Brief on the Merits.  Plaintiff has failed to show any error on the part of the Magistrate Judge or the ALJ, and Plaintiff's Objections should be rejected" and, therefore, "this Court should . . . affirm and adopt the Report." ECF DKT #20 at 1, 3.

**A. Plaintiff's Objection With Respect to Affirming That the ALJ Provided "Good Reason" for Discounting Opinions of Plaintiff's Treating Physicians**

In the Report and Recommendation, the Magistrate Judge held that the ALJ's lengthy discussions and conclusions as to Plaintiff's medical records and treatments constituted "good reason" for discounting the opinions of the treating physicians. Plaintiff objects to this holding.

Plaintiff bases her objection on the treating physician rule; and she poses two arguments in favor of her objection.  First, Plaintiff argues that the Magistrate Judge erroneously found that the ALJ's general discussion of the medical records was sufficient to constitute "good reason" for giving little weight to the treating physicians' opinions.  ECF

DKT #19, at 2-3.  This argument fails to consider the full scope of the Magistrate Judge's analysis of this issue.  The Magistrate Judge properly considered whether the ALJ violated the treating physician rule, and found that the ALJ did not.  ECF DKT #18, at 29.  In considering the issue of the treating physician rule the Sixth Circuit has held that:

> It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim.  However, the ALJ is not bound by conclusory statements of a treating physicians that a claimant is disabled, but may reject determinations of such a physician when good reasons are identified for not accepting them.

*Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988) (internal citations omitted).  Thus, the issue is whether the ALJ identified good reasons for rejecting the determinations of the treating physicians.  The Magistrate Judge properly concluded on this specific issue:

> A review of the ALJ's decision in this case reveals that the Plaintiff's argument on this point is not well taken.  Plaintiff's argument suggests that the ALJ dismissed the opinions of her physicians as inconsistent with, or unsupported by, her medical records without any discussion of the relevant records.  That is not the case.  Rather, in her decision, the ALJ engaged in lengthy discussion of Plaintiff's medical records and treatment, and concluded, in relevant part[2]... Contrary to Plaintiff's arguments, these conclusions - accompanied by the ALJ's detailed discussion of the medical evidence - sufficiently explain the ALJ's decision to assign little weight to the opinions of Drs. Stabler, Samsa and Martin.

ECF DKT #18, at 28-29.  The Magistrate Judge identified that the ALJ provided a comprehensive discussion and conclusions based on the relevant medical evidence; therefore, the ALJ was not bound by the opinions of the treating physicians.

---

[2] A list of the ALJ's relevant conclusions is cited in the Report and Recommendation. ECF DKT #18, at 28-29.

Plaintiff cites *Wilson v. Comm'r of Soc. Sec.*, where the Sixth Circuit vacated the district court's judgment affirming the ALJ's decision because the ALJ failed to articulate specific reasons for discounting the opinion of the plaintiff's treating physician. 378 F.3d 541, 543 (6th Cir. 2004). In *Wilson*, the Sixth Circuit stated:

> A Social Security Ruling explains that, pursuant to this provision [20 C.F.R. § 404.1527(d)(2)], a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

*Id.* at 544. Unlike in *Wilson*, the ALJ in this case did not fail to provide the specificity of reasons required by the provision. The ALJ's conclusions cited in the Report specifically discuss the Plaintiff's medical records and speak directly about numerous ailments described in the treating physicians' opinions. ECF DKT #18, at 28-29. In her analysis, the ALJ came to detailed conclusions on the medical evidence that are contrary to the opinions of the treating physicians. For example, one treating physician described Plaintiff's prognosis for IBS and other abdominal issues as poor, and stated that the pain and other symptoms would be severe enough to render Plaintiff incapable of performing even a low stress job. ECF DKT #18, at 13. On the other hand, the ALJ specifically concluded, and the Magistrate Judge reiterated, "[I]t was consistently observed that [Claimant's] abdomen was soft, nontender and exhibited positive bowel sounds. Additionally, in September 2020[sic], [Claimant] reported that she was feeling much better. The medical evidence of record indicated that [Plaintiff's] diagnosis of GERD and IBS presented few symptoms and has shown improvement over time." ECF DKT #18, at 29. This conclusion, and others cited in the Report, contain the

specific evidence required by the Social Security ruling discussed *supra*. The specific conclusions and the ALJ's lengthy discussion provide the necessary medical evidence to constitute "good reason" for assigning little weight to the treating physicians' opinions. Thus, the ALJ met her burden and did not violate the treating physician rule from *Wilson*.

Second, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's reliance on the opinions of non-examining physicians was "good reason" for discounting the treating physicians' opinions. ECF DKT #18, at 29. This argument fails to properly consider the role of the non-examining physicians' opinions in the ALJ's decision process. The Report states that, "after declining to assign little weight to the opinions of the Plaintiff's treating physicians, the ALJ supported her finding with the opinions of [non-consulting physicians] Drs. Terry and Chambly." ECF DKT #18, 29. This does not suggest that the ALJ's reliance on these opinions was the reason for dismissing the treating physicians' opinions; it merely states that the ALJ used these opinions when supporting her final decision.

Plaintiff cites *Blakely v. Comm'r of Soc. Sec.*, where the Sixth Circuit remanded a district court's affirmation of an ALJ's final decision because the ALJ failed to give good reason for assigning less than controlling weight to the treating physicians, and relied on the opinions of non-examining physicians that studied an incomplete case record. 581 F.3d 399 (6th Cir. 2009). The case at hand can be distinguished from *Blakely*. In *Blakely*, the ALJ relied solely on the findings of the non-examining consulting physicians to justify the final decision. 581 F.3d at 409. In the case at hand, the ALJ performed a detailed analysis and discussion about the medical evidence, and provided conclusions as to pertinent parts of the

record as her rationale for granting little weight to the treating physicians. The ALJ merely used the opinions of the non-examining physicians to support the final decision, but did not rely solely on those opinions when formulating her decision.

Plaintiff further argues that because the non-examining physicians examined an incomplete case record, the ALJ has committed a reversible violation. ECF DKT #19, at 3. This argument is also without merit. When a non-examining physician studies an incomplete case record and is granted greater weight, the ALJ is required to indicate in some way that the ALJ has at least considered those facts before giving greater weight to an opinion that is not based on a complete case record. *Blakely*, 581 F. 3d at 409 (quoting *Fisk v. Astrue*, 253 Fed. Appx. 580, 585 (6th Cir. 2007)). Before granting greater weight to non-consulting physicians that studied an incomplete case record, the ALJ engaged in a lengthy discussion as to all the medical evidence in the case record and provided detailed conclusions contrary to the those of the treating physicians; thus, the ALJ has met her burden and did not violate the treating physician rule.

## V. CONCLUSION

For the foregoing reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko<br>
**CHRISTOPHER A. BOYKO**<br>
**United States District Judge**

Dated: June 7, 2013